UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ANTHONY S. JACOBSON, | Case No.: 2:20-cv-00797-APG-BNW |
|---|---|
| Plaintiff | **Order Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, and Denying as Moot Plaintiff's Motion to Strike** |
| v. | |
| ASTRED M. RODRIGUEZ, | |
| Defendant | [ECF Nos. 22, 25, 26] |

Plaintiff Anthony S. Jacobson sues defendant Astred M. Rodriguez for breach of contract and alternatively for unjust enrichment based on Rodriguez's failure to repay a $500,000.00 loan. Jacobson moves for summary judgment on his breach of contract claim, arguing there is no genuine dispute that he loaned Rodriguez the money and she has failed to repay it except for $30,000.00, in breach of their contract. He thus seeks the $500,000.00 plus interest (less the $30,000.00). He also requests leave to file a motion for attorney's fees because the note allows for recovery of collection costs.

Rodriguez opposes and moves for summary judgment. She argues that her performance under the note is excused because Jacobson first breached the note by failing to deliver the $500,000.00 to her personally. She contends that Jacobson instead wired the money into a business bank account, and thereby allowed other signatories on that account to withdraw some of the funds. Jacobson moves to strike Rodriguez's summary judgment motion as untimely.

I grant Jacobson's motion for summary judgment and deny Rodriguez's motion because no genuine dispute remains that the parties had a valid contract, Rodriguez breached, Jacobson

did not first materially breach, and Jacobson has suffered damages as a result. I deny Jacobson's motion to strike as moot.

## I. BACKGROUND

In March 2016, Jacobson and Rodriguez signed a promissory note and pledge agreement under which Jacobson was to loan Rodriguez $500,000.00. ECF Nos. 22-4; 22-5; 24-1 at 6-7, 13; 24-2 at 8. The note carried a 7% interest rate, unless Rodriguez defaulted at which point a default rate of 11% applied. ECF No. 22-4 at 2. Any payments are applied first to accrued and unpaid interest and then to the outstanding principal. *Id.* at 3. Final payment of the principal was due on September 9, 2019. *Id.* at 2.

Rodriguez intended to use the money to buy shares in a company called AOM Holdings, LLC (AOM) as part of an asset purchase agreement through which AOM was purchasing Astra Pacific Outdoor, LLC for $5.5 million. ECF Nos. 22-4; 22-5; 24-1 at 6. Astra Pacific Outdoor was owned by Rodriguez, Hugo Cabrera, and Jerry De La Torre. ECF No. 24-1 at 10.

Jacobson deposited the loan money into his attorneys' trust account. ECF Nos. 24-2 at 11; 24-5 at 3. On March 9, 2016, Jacobson's attorney, David Weigman, emailed Rodriguez's attorney, Gary Mobley, asking for wiring instructions for the loan. ECF Nos. 24-1 at 5; 24-2 at 11; 24-8 at 2. Jacobson and Shaun Nugent, the then-president of AOM, were copied on the email. ECF Nos. 24-1 at 6; 24-8 at 2. There is no evidence that Mobley responded to this email or otherwise provided wiring instructions for the $500,000.00. There also is no evidence that Rodriguez, who was not copied on this email chain, separately provided Jacobson or his attorney with wiring instructions.

Instead, Nugent emailed Jacobson's attorney with instructions to "wire the funds to Astred [Rodriguez]." ECF No. 24-7 at 4. He did so by forwarding a February 2016 email from

2

someone named Lorena Rodriguez at Astra Pacific Outdoor to Rodriguez's attorney, Mobley, that provided "Astra Pacific's wiring instructions." ECF No. 24-7 at 5. The email provided a Wells Fargo bank account in the name of Astra Pacific Outdoor. *Id.* Rodriguez was copied on this February 2016 email. *Id.* at 4-5; ECF No. 24-1 at 9. Jacobson's attorney wired the money to the Astra Pacific Outdoor Wells Fargo account. ECF No. 24-5 at 3. There is no dispute that the $500,000.00 was deposited into the Wells Fargo account. ECF No. 24-1 at 13. Rodriguez was a signatory on the Wells Fargo account. *Id.* at 15.

Rodriguez purchased the shares in AOM, and she still owns those shares. *Id.* at 6, 13. There is no evidence before me regarding how much she paid for the shares or where she obtained the funds to do so. Rather, Rodriguez testified that the $500,000.00 was distributed to her, Cabrera, and De La Torre based on their ownership percentages in Astra Pacific Outdoor. *Id.* at 10. Rodriguez admits that she received $285,000.00 of the $500,000.00. *Id.* at 15-16.

In 2018, Rodriguez requested Cabrera and De La Torre return the distributed funds to herself or to Jacobson, but they declined to do so. ECF Nos. 24-1 at 11-13, 15; 24-6 at 2. Rodriguez did not make any payments on the loan by the maturity date in September 2019. ECF No. 24-1 at 14. Rodriguez has not paid on the note except for a single $30,000.00 payment she made after the loan came due. *Id.* at 14, 16.

In September 2020, Rodriguez sent Jacobson an email in which she stated: "I owe you money and I'm not running from it." ECF No. 27-3 at 2. At her deposition, Rodriguez admitted she sent this email, but "the more [she] looked into the fact that the money was never personally given to" her, she believed it was "handled completely incorrectly," so she now has "issues with" paying the note. ECF No. 24-1 at 15.

/ / / /

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

The note states that it is governed by Delaware law "without giving effect to any choice of law or conflict rules or provisions that would cause the application of the laws of any jurisdiction other than the State of Delaware." ECF No. 22-4 at 4. The parties agree Delaware law applies. *See* ECF Nos. 22 at 5; 24 at 6-7.

To establish a breach of contract claim, the plaintiff must show (1) "the existence of the contract, whether express or implied; [(2)] the breach of an obligation imposed by that contract; and [(3)], the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (en banc); *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140

(Del. Ch. 2003). There is no dispute as to any of these elements. Rodriguez does not dispute that she signed the note and pledge, that she has not repaid the note and interest except for one $30,000.00 payment, and that Jacobson is therefore damaged.

However, Rodriguez contends that her performance is excused because Jacobson first committed a material breach by depositing the $500,000.00 in the business bank account, which allowed her business partners to take some of the funds. She contends the loan was personal to her, so Jacobson should have deposited the funds in her personal bank account.

Jacobson responds that he deposited the money in the only account that was identified, and Rodriguez was a signatory on that account. Jacobson contends that Rodriguez admits she bought the AOM shares the loan was meant to fund and she retained $285,000.00. Jacobson argues that Rodriguez acknowledged she owed the money both by her September 2020 email to Jacobson and by paying $30,000.00. And he asserts that he is not responsible for Rodriguez's business partners taking the money. He contends that Rodriguez should pursue a return of the funds from them, rather than refusing to pay the note.

Under Delaware law, a "party is excused from performance under a contract if the other party is in material breach thereof." *BioLife Sols., Inc. v. Endocare, Inc.*, 838 A.2d 268, 278 (Del. Ch. 2003), *as revised* (Oct. 6, 2003). However, "a slight breach by one party, while giving rise to an action for damages [for breach of contract], will not necessarily terminate the obligations of the injured party to perform under the contract." *Id.* (quotation omitted). "The question whether the breach is of sufficient importance to justify non-performance by the non-breaching party is one of degree and is determined by weighing the consequences in the light of the actual custom of men in the performance of contracts similar to the one that is involved in the specific case." *Id.* (quotation omitted).

Delaware courts look to Section 241 of the Restatement (Second) of Contracts for the "factors to consider when determining whether a failure to render performance is material (thus justifying repudiation of a contract)." *Id.* (simplified). Those factors include:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; and (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* (quotation omitted).

Even viewing the facts in the light most favorable to Rodriguez, no reasonable fact finder could conclude that Jacobson first materially breached the contract such that Rodriguez is not required to perform. The note required Jacobson to loan Rodriguez $500,000.00, which he did. The note does not identify a particular bank account or otherwise direct how Jacobson was to provide the funds to Rodriguez. And he placed the funds in the only account given to him. There is no evidence that either Rodriguez or her attorney gave alternative instructions, and there is no evidence that they objected after the funds were deposited into the account for which Rodriguez was a signatory. Rodriguez obtained the AOM shares and $285,000.00. Despite receiving more than half the funds and the shares, Rodriguez contends she owes nothing. That would operate as a forfeiture, which is not justified under these facts. Further, Rodriguez knew that her partners withdrew and disbursed funds as early as 2018, when she tried to get them to repay her. Nevertheless, Rodriguez assured Jacobson in September 2020 that she would repay him, and she made a $30,000.00 payment. She thus accepted Jacobson's performance.

No genuine dispute remains that Rodriguez breached the note. I therefore grant Jacobson's motion for summary judgment, deny Rodriguez's motion, and deny Jacobson's

motion to strike as moot. Because Jacobson prevails on his breach of contract claim, his alternative unjust enrichment claim is moot. I therefore direct Jacobson to prepare a proposed form of judgment with an updated interest calculation as of September 9, 2022. Any motion for attorney's fees must comply with the Federal Rules of Civil Procedure and the Local Rules.

## III. CONCLUSION

I THEREFORE ORDER that plaintiff Anthony S. Jacobson's motion for summary judgment **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that defendant Astred M. Rodriguez's motion for summary judgment **(ECF No. 25) is DENIED**.

I FURTHER ORDER that plaintiff Anthony S. Jacobson's motion to strike **(ECF No. 26) is DENIED as moot**.

I FURTHER ORDER that by September 7, 2022, plaintiff Anthony S. Jacobson shall file a proposed form of judgment with an updated interest calculation as of September 9, 2022.

DATED this 29th day of August, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE