UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY S. JACOBSON, | Case No.: 2:20-cv-00797-APG-BNW |
| Plaintiff | **Order Granting Plaintiff's Motion for Attorney's Fees and Costs** |
| v. | [ECF No. 34] |
| ASTRED M. RODRIGUEZ, | |
| Defendant | |

Plaintiff Anthony Jacobson moves for an award of attorney's fees and costs. Jacobson brought this action in May 2020, alleging that defendant Astred Rodriguez breached the parties' promissory note by failing to repay a loan. Jacobson sought judgment for the unpaid principal plus interest. I granted Jacobson's motion for summary judgment, and judgment was entered against Rodriguez in the amount of $782,691.00. ECF Nos. 29; 32. Jacobson now seeks $79,391.20 in attorney's fees.[1] ECF No. 34 at 4. Rodriguez does not oppose this motion. Because Jacobson meets the procedural requirements under federal law and his requested fees and costs are reasonable, I grant his motion.

# I. Attorney's Fees

In diversity cases, the law of the state in which the district court sits governs whether a party is entitled to attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Nevada law permits parties to a contract to choose the governing law if "the parties acted in good faith and not to evade the law of the real situs of the contract," the chosen law has a "substantial relation with the transaction," and the agreement is not contrary to Nevada's public policy.

---

[1] In the motion, Jacobson also seeks $7,187.80 in nontaxable costs. The clerk of court taxed costs in the amount of $9,065.40, which included the $7,187.80 that Jacobson's motion characterizes as nontaxable. ECF Nos. 33; 34 at 4; 35. To the extent that any taxed costs are nontaxable, I would award them under the parties' contract, which allows for recovery of collection costs, including attorney's fees and expenses.

*Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1064 (Nev. 2014) (en banc) (quotation omitted).

The promissory note that Rodriguez breached has a Delaware choice of law provision. ECF No. 22-4 at 4. Delaware has a substantial relation with the transaction because the promissory note was issued in relation to a transaction involving Delaware entities. *See* ECF Nos. 22-4 at 2; 22-5 at 9. Delaware law is consistent with Nevada law that a party may recover attorney's fees and costs where a contract authorizes it. *See Pardee Homes of Nevada v. Wolfram*, 444 P.3d 423, 427 (Nev. 2019); *Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1220 (Del. 2013). Accordingly, I apply Delaware law to determine whether Jacobson may recover attorney's fees.

Where a contract contains a fee shifting provision, the court "may award the prevailing party all of the costs it incurred during litigation," so long as those fees and costs are reasonable. *Sternberg*, 62 A.3d at 1220. To determine whether a fee is reasonable, Delaware courts consider:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Id.* at 1220-21.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes*, 488 F.3d at 1059. Under Federal

Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees and nontaxable costs must: (1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the grounds that entitle the movant to an award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose any agreement about fees for the services for which the claim is made if the court so orders.  The motion must be accompanied by an affidavit from the attorney responsible for the case's billings to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. LR 54-14(b).  The Local Rules also permit an award of attorney's fees to include costs and expenses that are not otherwise taxable under Rule 54(d). *See* LR 54-14(a)(2).

Finally, I am guided by the factors set forth in Local Rule 54-14(a)(3).  That rule provides that the motion must include a summary of:

(A) The results obtained and the amount involved;
(B) The time and labor required;
(C) The novelty and difficulty of the questions involved;
(D) The skill requisite to perform the legal service properly;
(E) The preclusion of other employment by the attorney due to acceptance of the case;
(F) The customary fee;
(G) Whether the fee is fixed or contingent;
(H) The time limitations imposed by the client or the circumstances;
(I) The experience, reputation, and ability of the attorney(s);
(J) The undesirability of the case, if any;
(K) The nature and length of the professional relationship with the client; [and]
(L) Awards in similar cases.

Jacobson's motion for attorney's fees meets Rule 54's procedural requirements. Jacobson filed his motion 14 days after the entry of judgment. ECF Nos. 31; 34.  The motion specifies the judgment and states that Jacobson is entitled to attorney's fees under the parties' note, which provides that in the event of a default, Rodriguez "shall pay to the holder [of the note], in addition to such amounts due, all costs of collection, including reasonable attorneys' fees and expenses." ECF No. 22-4 at 4.  Rodriguez breached the parties' agreement by failing to

3

pay, which is an event of default under section 3(a)(i) of the note. *Id.* at 3; ECF No. 29 at 6 (granting summary judgment in Jacobson's favor because no genuine dispute remained that Rodriguez breached the note).

Jacobson's motion also meets Local Rule 54-14's procedural requirements. He attached copies of the firms' bills, which included a reasonable itemization and description of the work performed. *See* ECF No. 34-2. He also attached a declaration that addressed the factors under LR 54-14(a)(3), which overlap with the factors Delaware considers for determining reasonableness. ECF No. 34-1 at 2-5. The declaration also itemized costs sought to be charged as part of the fee award that are not otherwise taxable. *Id.* at 2.

Jacobson's counsel seeks $61,980.00 in attorney's fees from Kutak Rock, LLP and $17,411.20 in attorney's fees from Howard & Howard Attorneys, PLLC for a total fee of $79,391.20. Counsel spent a combined 166.7 hours on the case over the course of approximately 30 months. ECF No. 34-1 at 2-3. The firms' bills provide sufficient descriptions of the work performed and the time spent on the case was reasonable. ECF No. 34-2. Jacobson's counsel successfully obtained a judgment against Rodriguez in the amount of $782,691.00. The requested fees and nontaxable costs are reasonable and in line with awards in similar cases to enforce contracts. *See, e.g.*, *Branch Banking & Tr. Co. v. 27TH & S. Holding, LLC*, No. 2:12-cv-01781-LRH-PAL, 2017 WL 520549, at *3 (D. Nev. Feb. 8, 2017) (awarding $160,971.77 in attorney's fees and $9,842.47 in nontaxable costs); *CXA-10 Corp. v. Ford*, No. 2:12-cv-01554-JCM-PAL, 2015 WL 1986625, at *4 (D. Nev. May 1, 2015) (awarding $102,700.90 in attorney's fees and $4,217.32 in nontaxable costs, for a total award of $106,918.22).

I THEREFORE ORDER that plaintiff Anthony Jacobson's motion for attorney's fees and costs **(ECF No. 34) is GRANTED.**

I FURTHER ORDER that the clerk of court shall enter judgment in favor of the plaintiff and against the defendant for attorney's fees in the amount of $79,391.20.

DATED this 5th day of December, 2022.

                                                   _____
                                                   ANDREW P. GORDON
                                                   UNITED STATES DISTRICT JUDGE